UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL L. CASTILLO, aka ANGEL LUIS CASTILLO,<br><br>      Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | No. CV 07-4744-RC<br><br>OPINION AND ORDER |

Plaintiff Angel L. Castillo, aka Angel Luis Castillo, filed a complaint on July 23, 2007, seeking review of the Commissioner's decision denying his application for disability benefits. The Commissioner answered the complaint on November 20, 2007, and the parties filed a joint stipulation on February 4, 2008.

**BACKGROUND**

**I**

On May 31, 2005, plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since April 16, 2003, due to a back injury.

Certified Administrative Record ("A.R.") 56-60, 77.  The plaintiff's application was initially denied on July 14, 2005, and was denied again on October 28, 2005, following reconsideration.  A.R. 45-55.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Richard L. Leopold ("the ALJ") on September 8, 2006.  A.R. 44, 292-308.  On October 18, 2006, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 17-24.  The plaintiff appealed this decision to the Appeals Council, which denied review on July 2, 2007.  A.R. 4-16.

**II**

The plaintiff, who was born on June 5, 1948, is currently 60 years old.  A.R. 56, 296.  He has a high school diploma, has completed one year of college and has previously worked as a truck driver, blood donor unit assistant, deliverer, and postal worker.  A.R. 78-79, 82, 90-108, 297.

On April 18, 2003, plaintiff injured his back at work.  A.R. 158, 171.  The next day, Michael Sheps, D.C., examined plaintiff and diagnosed him with a chronic lumbar spine sprain.  A.R. 200, 216.  Dr. Sheps continued to treat plaintiff, and on June 21, 2003, Dr. Sheps opined plaintiff could return to work at modified duties, with no repetitive bending or lifting of greater than 20 pounds.  A.R. 195, 210.  On April 18, 2004, Dr. Sheps again examined plaintiff, diagnosed him with a chronic lumbosacral sprain complicated by grade II (30-50%) spondylolisthesis[1] of L5-S1 with narrowing of the L5 intervertebral

---

[1] Spondylolisthesis is "forward displacement (olisthy) of one vertebra over another, usually of the fifth lumbar over the

2

neural foramina, and concluded plaintiff is permanent and stationary[2] with a disability precluding very heavy work.[3]  A.R. 132-35, 185-88, 201-03.

On April 29, 2003, Mark Newman, M.D., examined plaintiff and diagnosed him as having a lumbar strain with mild radiculopathy,[4] and referred him for physical therapy.  A.R. 199, 215.  Lumbosacral spine x-rays showed a grade I-II spondylolisthesis with spina bifida occulta.[5]  A.R. 199, 215.  Dr. Newman opined plaintiff could return to work at modified duties, with limited bending and stooping and no

---

body of the sacrum, or of the fourth lumbar over the fifth, usually due to a developmental defect of the pars interarticularis." Dorland's Illustrated Medical Dictionary, 1684 (29th ed. 2000).

[2] Under California's worker's compensation law, "[p]ermanent and stationary status means an employee has improved medically as far as he will, or his condition has been stationary for a reasonable period of time." Robertson v. Workers' Comp. Appeals Bd., 112 Cal. App. 4th 893, 897, 5 Cal. Rptr. 3d 485 (2003); City of Martinez v. Workers' Compensation Appeals Board, 85 Cal. App. 4th 601, 609, 102 Cal. Rptr. 2d 588 (2000).

[3] Under the version of California's workers' compensation guidelines then in effect, a disability precluding "very heavy work" contemplates that the claimant "has lost approximately 25% of pre-injury capacity for performing such activities as bending, stooping, lifting, pushing, pulling and climbing or other activities involving comparable physical effort." Schedule for Rating Permanent Disabilities, Spine and Torso Guidelines, 2-14 (Labor Code of California, April 1997).  The Schedule for Rating Permanent Disabilities was revised effective January 2005.

[4] Radiculopathy is "disease of the nerve roots." Dorland's Illustrated Medical Dictionary at 1511.

[5] Spina bifida occulta is "a developmental anomaly characterized by defective closure of the vertebral arch" without protrusion of the spinal cord or meninges. Dorland's Illustrated Medical Dictionary at 1677.

lifting of greater than 10 pounds.  <u>Id.</u>  Lumbosacral spine x-rays taken April 30, 2003, showed degenerative disc disease at L5-S1 and grade II anterior spondylolisthesis.  A.R. 129.  A lumbar spine MRI taken May 15, 2003, showed moderate diffuse bulging at L4-L5, 30-40% spondylolisthesis at the body of L5-S1 and narrowing of the L5 intervertebral neural foramina.  A.R. 128.

On September 4, 2003, S. Michael Tooke, M.D., examined plaintiff, diagnosed him with isthmic spondylolisthesis and lumbar disc degeneration, and prescribed a course of physical therapy.  A.R. 141, 157-63.  Dr. Tooke noted plaintiff had been working at light duties until August 14, 2003, and was doing well until plaintiff's employer would no longer accommodate light duty work.  A.R. 157.  Dr. Tooke opined plaintiff "certainly is not in any way severe enough to consider surgery[,]" and should instead continue physical therapy.  A.R. 159.  Dr. Tooke opined plaintiff could return to **sedentary** work, with restrictions of no repetitive bending, stooping, pushing or pulling, no lifting or carrying of more than 5 pounds, no prolonged sitting for more than 30 minutes, no prolonged standing for more than 30 minutes, and no overhead work.  A.R. 141.  On October 16, 2003, Dr. Tooke opined if permanently restricted work duties were available, plaintiff could work.  A.R. 164, 191, 206.  On November 14, 2003, Dr. Tooke further opined plaintiff can work at modified duties, with no heavy lifting, prolonged sitting, or repetitive bending at the waist. A.R. 190, 205.

On March 11, 2005, Stephen A. Wertheimer, M.D., an orthopedist, conducted an agreed medical examination of plaintiff, diagnosed him

with L5-S1 spondylolisthesis and degenerative disc disease at multiple levels, and concluded plaintiff is permanent and stationary. A.R. 171-81, 229-38. Lumbar spine x-rays revealed disc space narrowing at L2-L3, L3-L4, L4-L5 and L5-S1 and grade II spondylolisthesis at L5-S1 with defects noted in the pars at that level. A.R. 178, 236. Dr. Wertheimer concluded plaintiff was disabled from his prior work as a blood donor unit assistant because of the "[r]epetitive bending . . . involved in that job[,]" and opined plaintiff cannot do heavy lifting or repetitive bending and stooping. A.R. 179, 237.

A lumbar spine MRI taken at Cedars-Sinai Medical Center ("Cedars") on September 3, 2005, showed chronic bilateral pars defects at L5-S1, with grade II anterospondylolisthesis, mild central canal stenosis,[6] severe bilateral neural foraminal stenosis, and a 30% loss of L5 height posteriorly, as well as neural foraminal stenosis to a lesser extent at L2-L3, L3-L4, and L4-L5.[7] A.R. 251-52. A lumbar spine CT scan revealed a grade II anterolisthesis of L5-S1 with marked narrowing of the disc space, sclerotic changes at the end-plate of L5, degenerative subchondral cysts at the L5-S1 level and a bilateral pars defect at L5. A.R. 256-57. The plaintiff was treated by Ajay Ananda, M.D. at Cedars from October 5 to November 7, 2005, and during this treatment, Dr. Ananda diagnosed plaintiff as having spinal instability, a grade II L5-S1 spondylolisthesis with an L5-S1 pars defect and significant bilateral neural foraminal stenosis at L5-S1.

---

[6] Stenosis is "an abnormal narrowing of a duct or canal." Dorland's Illustrated Medical Dictionary at 1698.

[7] A lumbar spine MRI obtained on April 24, 2007, demonstrated no significant changes from the MRI taken on September 3, 2005. A.R. 290-91.

A.R. 253-55, 262-67, 284-89.  On November 1, 2006, Dr. Ananda opined that prolonged sitting, standing, bending, walking or squatting can cause plaintiff pain, and exertional stressors such as heavy lifting, pushing or pulling heavy objects, or prolonged driving will aggravate the instability of plaintiff's spine.[8]  A.R. 264, 286.  As a result, Dr. Ananda opined plaintiff: can repeatedly lift less than 5 pounds a day; can occasionally lift up to 10 pounds; can bend at the waist minimally – no more than 10-15" in each direction; can stand and/or walk for 2-3 hours in an 8-hour day; can sit for 30-45 minutes without interruption and 2 hours total in an 8-hour day; cannot bend while holding heavy objects; and cannot push and pull objects since such movements strain the spine.  A.R. 262-67, 284-89.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision.  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008); Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

//

---

[8] Dr. Ananda's opinion was submitted to the Appeals Council after the administrative hearing, A.R. 7, 261-67, 284-89, and since "the Appeals Council affirmed the decision of the ALJ denying benefits to [the plaintiff, the additional] evidence is part of the record on review to this court." Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.), cert. denied, 519 U.S. 881 (1996); Lingenfelter v. Astrue, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007).

1  The claimant is "disabled" for the purpose of receiving benefits
2 under the Act if he is unable to engage in any substantial gainful
3 activity due to an impairment which has lasted, or is expected to
4 last, for a continuous period of at least twelve months.  42 U.S.C. §
5 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "The claimant bears the burden
6 of establishing a prima facie case of disability."  Roberts v.
7 Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122
8 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

10  The Commissioner has promulgated regulations establishing a five-
11 step sequential evaluation process for the ALJ to follow in a
12 disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ
13 must determine whether the claimant is currently engaged in
14 substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in
15 the **Second Step**, the ALJ must determine whether the claimant has a
16 severe impairment or combination of impairments significantly limiting
17 him from performing basic work activities.  20 C.F.R. § 404.1520(c).
18 If so, in the **Third Step**, the ALJ must determine whether the claimant
19 has an impairment or combination of impairments that meets or equals
20 the requirements of the Listing of Impairments ("Listing"), 20 C.F.R.
21 § 404, Subpart P, App. 1.  20 C.F.R. § 404.1520(d).  If not, in the
22 **Fourth Step**, the ALJ must determine whether the claimant has
23 sufficient residual functional capacity despite the impairment or
24 various limitations to perform his past work.  20 C.F.R. §
25 404.1520(f).  If not, in **Step Five**, the burden shifts to the
26 Commissioner to show the claimant can perform other work that exists
27 in significant numbers in the national economy.  20 C.F.R. §
28 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found there is no evidence plaintiff has engaged in substantial gainful activity since his alleged onset date. (Step One). The ALJ then found, without describing any impairment, that plaintiff has "severe impairments" (Step Two); however, he does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff is able to perform his past relevant work as a blood donor unit assistant and deliverer; therefore, he is not disabled. (Step Four).

**IV**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). Here, the ALJ found plaintiff has the RFC to perform:

> light work[9] activity that involves standing and walking six hours out of an eight[-]hour workday and sitting at least six hours in an eight-hour workday and lifting and

---

[9] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b). "[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.

```
        carrying 20 pounds occasionally and 10 pounds frequently
        with occasional climbing, balancing, stooping, kneeling,
        crouching and crawling.
```

A.R. 24 (footnote added). However, plaintiff contends the ALJ's RFC determination is not supported by substantial evidence because, among other reasons, the ALJ improperly assessed the medical evidence. The plaintiff is correct.

The medical opinions of treating physicians are entitled to special weight because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987); Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001). Therefore, the Commissioner must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007), and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the [Commissioner] may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Tommasetti, 533 F.3d at 1041.

Contrary to respondent's contention, Dr. Ananda, a neurologist at Cedars, is one of plaintiff's treating physicians.[10] See, e.g.,

---

[10] In any event, the result is the same whether Dr. Ananda is considered a treating or examining physician, since in either

9

1  Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994) (holding
2  physician who saw claimant twice within 14-month period and prescribed
3  medication to him was treating physician).  Dr. Ananda opined
4  plaintiff has certain limitations that preclude him from performing
5  light work, including, for example, that he can only occasionally lift
6  up to 10 pounds and cannot push and pull objects, since such movements
7  would strain his spine.  See A.R. 265-66, 287-88.  Nevertheless, the
8  Appeals Council did not address Dr. Ananda's opinions, which were
9  before it.  Instead, the Appeals Council found "the additional
10 evidence [plaintiff presented] . . . does not provide a basis for
11 changing the [ALJ's] decision[,]" A.R. 4-5, and implicitly rejected
12 Dr. Ananda's opinions without providing any reason -- let alone
13 specific and legitimate reasons -- for doing so.  This was clear legal
14 error.  Lingenfelter, 504 F.3d at 1038 n.10; Smolen, 80 F.3d at 1286.
15 Similarly, the ALJ did not discuss the opinion of Dr. Newman, an
16 examining physician, that plaintiff can lift no more than 10 pounds,
17 and did not provide a specific and legitimate reason for rejecting Dr.
18 Newman's opinion, which is contrary to the RFC finding.  Thus, once
19 again, the Commissioner committed clear legal error.  Ibid.  Since the
20 Commissioner committed clear legal error in failing to address the
21 opinions of Drs. Ananda and Newman, the Step Four determination that
22 plaintiff can perform his past relevant work is not supported by
23 substantial evidence.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d
24 1050, 1056-57 (9th Cir. 2006); Moisa v. Barnhart, 367 F.3d 882, 886
25 (9th Cir. 2004).

---

case, the Commissioner can only reject the physician's opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

10

**V**

Since the Commissioner's decision did not use the proper legal standards, and is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa, 367 F.3d at 886. Here, remand is appropriate so the ALJ can consider the opinions of Drs. Ananda and Newman.[11] Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE: Sept. 18, 2008          /S/ROSALYN M. CHAPMAN
                              ROSALYN M. CHAPMAN
                              UNITED STATES MAGISTRATE JUDGE

---

[11] Having reached this conclusion, the Court need not address the other arguments plaintiff makes, none of which warrant greater relief than herein granted.

R&R-MDO\07-4744.mdo
9/18/08