```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                       CIVIL MINUTES--GENERAL

Case No.  CV 07-4744-RC                 Date: December 5, 2008

Title:  Angel L. Castillo vs. Michael J. Astrue, Commissioner of
        Social Security Administration
===================================================================
DOCKET ENTRY



===================================================================
     HON. ROSALYN M. CHAPMAN,  UNITED STATES MAGISTRATE JUDGE

Jake Yerke                      None
Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
None Present                       None Present
```

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES**

On November 7, 2008, plaintiff Angel Castillo filed a petition for attorney's fees, with the supporting declaration of his attorney, Eliot R. Samulon.  On November 26, 2008, the Commissioner filed his opposition to plaintiff's petition, and plaintiff filed a reply on December 3, 2008.  This matter is decided in Chambers without oral argument, pursuant to Local Rule 7-15.

### DISCUSSION

The Equal Access to Justice Act ("the Act"), 28 U.S.C. § 2412, was enacted by Congress "to reduce the chance that 'the expense involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'"  Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984) (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess. 5 (1980), reprinted in 1980 U.S. Code Cong. and Adm. News 4984).  Under the Act, the prevailing party is entitled to an award of attorney's fees and costs unless the position of the Government was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Melkonyan v. Sullivan, 501

U.S. 89, 93-94, 111 S. Ct. 2157, 2161, 115 L. Ed. 2d 78 (1991); Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). A Court may award reasonable attorney's fees that were expended on the litigation under the Act, 28 U.S.C. § 2412(d)(2)(A), and may determine to award a fee in excess of $125.00 per hour. Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001); Int'l Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 766 (9th Cir. 1985).

On September 19, 2008, Judgment was entered in plaintiff's favor under sentence 4, 42 U.S.C. § 405(g), and plaintiff, as the prevailing party, now seeks attorney's fees under the Act totaling $7,924.00 for 46.75 hours of attorney work at the rate of $169.50 per hour.[1] The Commissioner does not dispute that plaintiff is the prevailing party, that plaintiff has timely filed his petition for attorney's fees, and that the hourly rate claimed for his attorney's work is reasonable. However, he contends plaintiff's request is excessive in the number of hours of attorney's work claimed. There is some merit to the Commissioner's contention.

The Commissioner challenges the number of hours plaintiff's attorney worked as duplicative work. Specifically, the Commissioner claims the work reflected in plaintiff's letter to the Appeals Council (A.R. 269-80) is similar to the work reflected in plaintiff's settlement request (which is not part of the record), for which plaintiff's counsel claims 6.75 hours, and the joint stipulation, for which plaintiff's counsel claims 18.25 hours. Additionally, the Commissioner complains that an experienced attorney such as plaintiff's counsel should not have needed to make numerous drafts of the settlement letter, joint stipulation and his reply or conduct 1.75 hours of legal research. Thus, the Commissioner contends plaintiff's counsel should have expended no more than 2 hours preparing plaintiff's settlement letter, no more than 11.5 hours preparing plaintiff's portion of the joint stipulation, and no more than 5 hours preparing plaintiff's reply, for a total of 20.75 hours. Oppo. at 7:26-8:7.

---

[1] This figure reflects plaintiff's attorney's claim in his reply to the Commissioner's opposition to his motion for attorney's fees that "this reply brief required more than one hour of attorney time." Reply at 4:4-5.

The Court agrees with the Commissioner, for the most part. Plaintiff's counsel, Eliot Samulon, is a very experienced attorney and Social Security disability rights practitioner. Thus, it is reasonable to expect him to be considerably more knowledgeable of Social Security law, and more efficient in preparing legal documents, than a new or inexperienced attorney. Having reviewed plaintiff's letter to the Appeals Council, and compared it to the joint stipulation, the Court finds merit in the Commissioner's contention that the 18.25 hours Mr. Samulon claims for preparing the joint stipulation and the 12.5 hours he claims for preparing the reply are excessive. An experienced attorney such as Mr. Samulon should not have to make six drafts of a joint stipulation, especially when he represented the claimant at the administrative hearing and raised several of the same claims in his letter to the Appeals Council; thus, the Court reduces the number of hours plaintiff's attorney may recover for preparing the joint stipulation from 18.25 hours to 12 hours and reduces the number of hours plaintiff's attorney may recover for preparing his reply from 12.5 hours to 5 hours, including legal research. In light of the foregoing adjustments, the Court finds plaintiff's counsel reasonably expended a total of 31.25 hours at the requested rate of $169.50, for a total award of attorney's fees in the amount of $5,296.87.

**ORDER**

The plaintiff's petition for attorney's fees IS GRANTED, and the Commissioner is ordered to pay to plaintiff, no later than sixty (60) days from the date of this Order, reasonable attorney's fees under the Act in the total amount of $5,296.87. However, if, within forty-five (45) days of this Order, plaintiff's counsel provides proof of an assignment signed by plaintiff, or a declaration from plaintiff stating he assigns his fees under the Act to his attorney, the Commissioner shall pay the attorney's fees directly to plaintiff's counsel.

Initials of Deputy Clerk_JY_

case074\07-4744.4
12/5/08